IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01964–REB–KMT

RALPH DIMEO, individually,
DEBBY DIMEO, individually, and doing business as Alex Outdoors, and
KINGOFTHEMOUNTAINONLINE, a New Jersey general partnership,

    Plaintiffs,

v.

KING OF THE MOUNTAIN, INC., a Wyoming corporation,

    Defendant.

## PROTECTIVE ORDER

Upon the Stipulation of Plaintiffs Ralph DiMeo, Debby DiMeo, individually and doing business as Alex Outdoors and KingOfTheMountainOnline, by and through their attorneys, Preeo Silverman Green & Egle, P.C., and Defendant King of the Mountain, Inc., by and through its attorneys, Santangelo Law Offices, P.C., it is ORDERED that this Protective Order shall govern the discovery in the case currently pending between the parties.

IT IS HEREBY AGREED AND ORDERED:

1.    This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to information or items that are entitled under the applicable legal principles to treatment as "CONFIDENTIAL" and are identified as such by a party to this litigation.

2.      The protections conferred by this Protective Order cover all material designated as "CONFIDENTIAL" as well as any information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal material designated as "CONFIDENTIAL" pursuant to this Protective Order.

3.      The confidentiality obligations imposed by this Order shall remain in effect, even after the termination of this litigation, until a Court Order otherwise directs or the parties to this litigation otherwise agree in writing.

4.      Each party may designate information or items for protection under this Order, as such information or items are produced, by marking each page as "CONFIDENTIAL" on all pages that contain confidential material.  Parties must take care to limit such designation to specific material that is entitled under applicable legal principles to be treated as confidential.

5.      Except as expressly allowed herein, information marked "CONFIDENTIAL" shall be disclosed only to: (a) the parties of record in this action, including owners, principals, officers, directors, employees, and family members to the extent reasonably necessary for the prosecution or defense of this litigation; (b) the outside counsel of record in this action for the parties and their associated attorneys, interpreters, paralegal, clerical, secretarial employees, and vendors (such as providers of copy services and litigation support services); (c) any person retained to assist outside counsel of record in the preparation or trial of this action (including consultants and/or experts and their immediate assistants engaged in the conduct of this action), provided such person has signed an undertaking in the form annexed hereto as Exhibit A; (d) court reporters and court reporting

videographers; and (e) the Court and Court personnel, including the court's reporters, and the jury hearing this case, if any.

6. Each party may designate information or items for protection under this Order, as such information or items are produced, by marking each page as "CONFIDENTIAL" on all pages that contain confidential material. Parties must take care to limit such designation to specific material that is entitled under applicable legal principles to be treated as confidential.

7. Documents, testimony, evidence, and other matters shall not be deemed "CONFIDENTIAL" if the substance of the documents, testimony, evidence, or material:

    a. Does not constitute business, accounting, sales, marketing, tax or employment records, training procedures, design drawings in any medium, technical information, licenses, agreements, contracts, trade data, customer identity and lists, or computer software programs in source code or object code;

    b. Does not constitute trade secret or other confidential research, development, competitive, or commercial information, as defined by C.R.C.P. 26(c)(7) and Colorado law;

    c. Is, at the time of disclosure by the designating party, already in the possession of the receiving party and was not acquired from the designating party; or

    d. Has been made available to the receiving party, other than through the disclosure or discovery process, by a third party who obtained the same by

legal means without any obligation of confidence to the designating party.

8. <u>Inadvertent Failure to Designate</u>:  If, through inadvertence, a producing party provides any material containing Confidential information without designating the material as Confidential, the producing party may subsequently inform the receiving party in writing of the Confidential status of the material.  The receiving party shall thereafter treat the disclosed material as Confidential, in accordance with the written notification of the inadvertent disclosure.  The receiving party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Confidential designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Confidential designation.

9. <u>Non-use</u>:  Any information designated Confidential produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the receiving party or its counsel for any business, commercial, competitive or publicity purposes.

10. <u>Obligations of Counsel</u>:  It shall be the responsibility of counsel for the respective parties herein to ensure strict compliance with the provisions of this Protective Order in their dealings with Confidential Information, and it shall be the responsibility of counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential information as provided herein.  All persons responsible for determining that discovery responses, documents and depositions contain Confidential information shall be familiar with this Order and the scope of its protection.  All

Confidential information including any and all copies thereof shall be kept by counsel in a place appropriately safe, given its status.

11. <u>Pleadings</u>: All papers, documents and transcripts containing or revealing the substance of Confidential Information shall be filed in sealed envelopes marked "Confidential" Under Protective Order entered _____ (date) – designated confidential matter by _____ (party)" and shall be filed with a Motion for Filing Under Seal in accordance with Local Rule 7.2. The Court shall not permit access to the contents of the envelope to anyone other than Court personnel or Counsel without prior written order of this Court.

12. <u>Conclusion of the Litigation</u>: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel and all other persons having possession or control of another party's Confidential information thereof shall, upon request, provide copies of all executed Exhibit A documents and shall: (a) return all Confidential information and any copies thereof to the appropriate counsel who produced the Confidential information; or (b) destroy such Confidential information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by Counsel or any other person after production. Each party shall give written notice of such destruction to all Counsel. Notwithstanding the foregoing, Counsel may retain both a physical and electronic copy of any document containing Confidential information for archive purposes. Counsel shall also provide the opposing party with the originals of all acknowledgment forms executed by consultants or other persons pursuant to paragraph 4 at any time upon request.

13.     <u>Contested Designations</u>:  A party shall not be obligated to challenge the propriety of designating any Confidential information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party disagrees at any stage of these proceedings with the designation by the supplying party of any information as "Confidential," the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court but the party seeking to permit disclosure of information shall bear the burden of proof that it does not constitute Confidential information.  The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.  This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact Confidential information.  While Confidential information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as information protected hereunder if it is demonstrated that such information either:

   a.   Is in the public domain at the time of disclosure as a composite item of information (e.g., customer telephone number also with composite identification as a customer of the disclosing party, etc.);

   b.   Becomes part of the public domain with no breach of any obligations to or for the benefit of the producing party; or

   c.   Is information the requesting party can show by previously-existing written evidence was in its possession prior to the time of disclosure.

    14.    <u>Non-waiver</u>:  The production of materials by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the materials has waived any objection to the production, relevancy or admissibility of said materials.  Nothing contained herein shall preclude any party from opposing any discovery on any lawful basis.

    15.    <u>Trial Procedures</u>:  The parties agree to jointly request that the Court implement appropriate procedures to protect Confidential information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

    16.    <u>Modification</u>:  Stipulations may be made, between counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually, or electronic documents not identifiable in pages or screens) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

    17.    <u>Interim Effect</u>:  This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court.  For purpose of proceeding with disclosure and discovery without delay, pending the Court's approval of this Order,

any Proprietary Information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

Dated this 12th day of November, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

**PREEO SILVERMAN, GREEN & EGLE, P.C.**   **SANTANGELO LAW OFFICES, P.C.**

 /s/ Jersey M. Green, Esq.   /s/ Kay L. Collins. Esq.

Jersey M. Green, Esq.   Kay L. Collins
*Attorney for Plaintiffs*   *Attorney for Defendant*