IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01964–REB–KMT

RALPH DIMEO, individually,
DEBBY DIMEO, individually, and doing business as Alex Outdoors, and
KINGOFTHEMOUNTAINONLINE, a New Jersey general partnership,

    Plaintiffs,

v.

KING OF THE MOUNTAIN, INC., a Wyoming corporation,

    Defendant.

## ORDER

    This matter is before the court on "Plaintiffs' Motion for Leave to File Amended Complaint" (Doc. No. 31), filed January 7, 2011. In their Motion, Plaintiffs seek to amend their "Complaint for Declaratory Judgment" (Doc. No. 1, filed Aug. 8, 2010) to "eliminate a claim that may not be subject to the jurisdiction of this Court and to add a claim that is subject to such jurisdiction and based on essentially the same facts." (Mot. at 2.)

    Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).   Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

On December 27, 2010 the court granted the parties' "Joint Motion for Extension of Time for Joinder of Parties and Amendment of Pleadings" (Doc. No. 28, filed Dec. 22, 2010), thereby extending the deadline for joinder of parties and amendment of pleadings to January 7, 2011. (*See* Order, Doc. No. 30.)  Therefore, Plaintiffs' Motion is timely.  Additionally, Plaintiffs' Motion is unopposed.  Finally, the court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that "Plaintiffs' Motion for Leave to File Amended Complaint" (Doc. No. 31) is **GRANTED.** The Clerk of Court is directed to file Plaintiffs' "Amended Complaint for Declaratory Judgment and Other Relief" (Doc. No. 31-1).

Dated this 10th day of January, 2011.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge