IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01964–REB–KMT

RALPH DIMEO, individually,
DEBBY DIMEO, individually, and doing business as Alex Outdoors, and
KINGOFTHEMOUNTAINONLINE, a New Jersey general partnership,

    Plaintiffs,

v.

KING OF THE MOUNTAIN, INC., a Wyoming corporation,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant King of the Mountain, Inc.'s "Unopposed Motion to Join Alex DiMeo as Counterclaim Defendant," (Doc. No. 32) filed January 7, 2011. Defendant seeks to add Alex DiMeo as a counterclaim defendant pursuant to Federal Rules of Civil Procedure 13(h), 19(a) and 20(a) and proffers an amended answer and counterclaims for filing.

Rule 20 provides that

> [p]ersons [ . . . ] may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Defendant asserts that Alex DiMeo is the son of the individual Plaintiffs, resides at the same address, and has been involved in the same activities as the Plaintiffs that are the subject of the Defendant's counterclaims. Plaintiffs do not oppose the joinder. Because the counterclaims against Alex DiMeo arise out of the same transaction or occurrence and questions of law or fact are common to all counterclaim defendants, permissive joinder is appropriate. The court need not address whether joinder is compulsory pursuant to Rule 19.

When a party seeks to amend a counterclaim to add a counter-defendant, Rule 15 is also implicated. *See Elite Enter., Inc. v. ASC, Inc.*, No. 1:04-CV-94, 2005 WL 3050279, at *2 (N.D. Ind. Nov. 15, 2005). Pursuant to Rule 15, "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a); *see also Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003); *York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).   Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

On December 27, 2010 the court granted the parties' "Joint Motion for Extension of Time for Joinder of Parties and Amendment of Pleadings," thereby extending the deadline for joinder of parties and amendment of pleadings to January 7, 2011.  Defendant's Motion, filed January 7, 2011, is timely.  Additionally, Defendant's Motion is unopposed.  The court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

However, the court notes that Defendant's proposed "Verified Answer to Plaintiffs' Complaint for Declaratory Judgment" (Doc. No. 32–1) is responsive to Plaintiffs' original "Complaint for Declaratory Relief" (Doc. No. 1).  On January 10, 2011, the court granted Plaintiffs' motion to file an amended complaint, thereby rendering Plaintiffs' original complaint moot.  (*See* Doc. No. 35).

Therefore it is

**ORDERED** that Defendant King of the Mountain, Inc.'s "Unopposed Motion to Join Alex DiMeo as Counterclaim Defendant" (Doc. No. 32) is **GRANTED in part.**  No later than **January 28, 2011**, Defendant shall re-file its "Verified Answer to Plaintiffs' Complaint for Declaratory Judgment" (Doc. No. 32–1)  in order to properly respond to Plaintiffs' "Amended

Complaint for Declaratory Judgment and Other Relief" (Doc. No. 36).

Dated this 25th day of January, 2011.

BY THE COURT:

*(signature)*

Kathleen M. Tafoya
United States Magistrate Judge