**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01964-WJM-KMT

RALPH DIMEO, individually,
DEBBY DIMEO, individually, and doing business as Alex Outdoors, and
KINGOFTHEMOUNTAINONLINE, a New Jersey general partnership,

   Plaintiffs,

v.

KING OF THE MOUNTAIN, INC., a Wyoming corporation,

   Defendant,

and

ALEX DIMEO,

   Third-Party Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 71) of this Court's Order (ECF No. 68) denying Plaintiffs' Motion for Enforcement of Order and Judgment (ECF No. 61). Defendant has filed a Response to the Motion for Reconsideration. (ECF No. 72.) The Motion for Reconsideration is ripe for adjudication. For the reasons that follow, Plaintiffs' Motion for Reconsideration is DENIED.

### I. BACKGROUND

On April 11, 2011, this Court entered an Order and Judgment incorporating the terms of the parties' settlement of this action. (ECF No. 57.) As part of the settlement, Defendant was required to pay Plaintiffs a total of $60,000, to be made in eleven monthly

installments. (*Id.* ¶ 17.) On April 12, 2011, the Court dismissed the action with prejudice, subject only to the Court's continuing jurisdiction to enforce the terms of the Order and Judgment. (ECF No. 60.)

The basis for Plaintiffs' Motion for Enforcement of Order and Judgment was that Defendant had made the first monthly installment payment in a untimely manner. (ECF No. 61.) Plaintiffs argued that this constituted a breach of the settlement agreement, entitling Defendant to an accelerated payment of the $60,000 and the attorney's fees incurred in bringing the Motion for Enforcement of Order and Judgment. (*Id.*) In response, Defendant argued that the late payment resulted from an innocent mistake of having insufficient funds in the account upon which the original timely payment would be drawn, and that Defendant provided prompt payment upon learning of the mistake. (ECF No. 64.)

On April 17, 2012, more than two months after the last installment payment from Defendant to Plaintiffs was due, this Court ordered the parties to file status reports updating the Court regarding Defendant's satisfaction (or lack thereof) of the Order and Judgment, and any other related and relevant matters. (ECF No. 66.) The Court required the parties to file their status reports on or before April 23, 2012.

On April 23, 2012, Defendant filed the required status report, in which it provided evidence that it had made all of the required payments under the settlement agreement. (ECF No. 67.) Plaintiffs failed to file any status report within the time allotted.

On April 24, 2012, this Court entered an Order denying Plaintiffs' Motion for Enforcement of Order and Judgment. (ECF No. 68.) Specifically, the Court held,

> Because Defendant has established that it has made all of its required payments under the parties' settlement agreement, and because Plaintiffs have violated this Court's order to file a status report updating the Court as

> to whether there was any further dispute between the parties, the Court hereby ORDERS that Plaintiffs' Motion for Enforcement of Order and Judgment (ECF No. 61) is DENIED.

(*Id.* at 2.)

Later that same day (the day after the Court's deadline to file the status reports), Plaintiffs filed a Motion to Submit Plaintiff's Status Report Out of Time, along with Plaintiffs' Status Report, explaining that food poisoning was the cause of Plaintiffs' counsel's inability to file the status report on time. (ECF No. 69.) The Court denied the Motion to Submit Plaintiff's Status Report Out of Time, stating,

> WJM Revised Practice Standard II.D.2 provides, *inter alia*, "Absent a true emergency, no motion for an extension of time to file a document shall be considered unless it is filed on or before **the court business day preceding the original deadline**" (emphasis in original). Plaintiffs' Motion to Submit Plaintiffs' Status Report Out of Time does not indicate that a true emergency existed that would have precluded Plaintiffs from filing their Motion on or before April 2[3], 2012.

(ECF No. 70.)

Now pending is Plaintiffs' Motion for Reconsideration of the Court's Order denying their Motion for Enforcement of Order and Judgment.

## II.  LEGAL STANDARDS

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

### III.  ANALYSIS

In the Motion for Reconsideration, Plaintiffs argue that the Court should reconsider its Order denying Plaintiffs' Motion for Enforcement of Order and Judgment because Defendant has admitted that its payments to Plaintiffs under the parties' settlement agreement were not all made in a timely manner, and so Plaintiffs are entitled to recovery of their attorneys' fees in briefing the Motion for Enforcement of Order and Judgment.  (ECF No. 71, ¶¶ 4-5.)  However, in so arguing, Plaintiffs have in no way called into question the bases for the Court's Order denying Plaintiffs' Motion for Enforcement of Order and Judgment, namely, that Defendant made all of its required payments under the settlement agreement, and that Plaintiffs violated this Court's order to timely file a status report updating the Court as to whether there was any further dispute between the parties.  Thus, Plaintiffs have in no way shown, for example, that reconsideration is necessary "to correct clear error or prevent manifest injustice."  *Servants of Paraclete*, 204 F.3d at 1012.

The Court understands that both Plaintiffs and Defendant requested relief from the Court in the briefing on the Motion for Enforcement of Order and Judgment.  The Court concludes that the appropriate course is to keep this action closed, and strongly discourages the parties from seeking any further Court intervention in this action.

### IV.  CONCLUSION

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration (ECF No. 71) is DENIED.

Dated this 19th day of October, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge